


ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Michael J. Willemin**
mwillemin@wigdorlaw.com

July 17, 2020

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Courtroom 518
New York, New York 10007

Re: Susanne Schafmeister v. NYU Langone Hospitals, et al.,
Civil Case No. 19-cv-11875 (VSB)

Dear Judge Broderick:

We represent Plaintiff, Susanne Schafmeister, in the above-referenced matter and write jointly with counsel for Defendant, NYU Langone Hospitals, and counsel for Defendant, John Kennedy, pursuant to Your Honor's Order to provide the Court with the following preliminary case information. See Dkt. No. 36.

**I. Nature of the Action and Principal Defenses Thereto**

A. Plaintiff, Susanne Schafmeister's, Position

Susanne Schafmeister ("Ms. Schafmeister" or "Plaintiff") is Revenue Cycle Manager in NYU Langone Hospitals' ("NYU Langone" or the "Hospital") Department of Orthopedic Surgery. Plaintiff alleges gender discrimination, hostile work environment, retaliation and contract claims against NYU Langone and Dr. John G. Kennedy, one of the Hospital's orthopedic surgeons. Specifically, Plaintiff alleges that Defendants have violated federal, state and local law, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Executive Law §§ 290, *et seq.* ("NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.* ("NYCHRL"). Plaintiff alleges that Defendant Kennedy subjected Ms. Schafmeister to a vindictive barrage of harassment following a breakdown of their romantic relationship – including having Ms. Schafmeister arrested and charged with fabricated embezzlement claims – and that when Ms. Schafmeister complained to NYU, NYU retaliated against Ms. Schafmeister by removing her from her position and taking away her managerial responsibilities. Defendants' characterizations are argumentative and unnecessary in the context of this letter, and Plaintiff does not intend to use this opportunity to argue the merits of her

allegations. Plaintiff will present on each of the issues to the Court as appropriate over the course of this litigation.

B. Defendant, Dr. John Kennedy's, Position

Dr. Kennedy, an internationally renowned Orthopedic Surgeon, vehemently disputes that there is any basis for Schafmeister's claims. Dr. Kennedy is a Counterclaim-Plaintiff and has asserted claims for conversion, unjust enrichment, breach of fiduciary duty, and intentional interference with prospective economic advantage. In July 2019, Dr. Kennedy, upon return from his father's funeral in Ireland, learned from his financial advisor that Schafmeister had written an unauthorized check in the amount of $12,000 from his business account. After an audit of this account, Dr. Kennedy learned that Schafmeister had abused her position as his office manager by writing checks from this business account (in the excess of $130,000) to cover extravagant personal expenditures on her personal American Express credit card. After Dr. Kennedy confronted Schafmeister, she filed an internal complaint with NYU Langone claiming workplace retaliation and harassment and filed a false criminal complaint against him for aggravated harassment. She was charged herself by NYPD with Grand Larceny in the Second Degree. She then made direct threats in the presence of the NYPD that she would "get Dr. Kennedy" and "ruin him." Based on these threats, the District Attorney sought and obtained an Order of Protection which remains in effect. Dr. Kennedy and Schafmeister had a consensual romantic relationship, but that ended long before the events at issue in this lawsuit. They had a close connection as friends and business colleagues; Dr Kennedy trusted her to manage his practice and business affairs. This close personal, non-sexual, relationship extended until Dr. Kennedy confronted Schafmeister about her conversion of funds. She then turned on him, sought to extract money from him by threatening to make claims against him, and then brought her lawsuit. Schafmeister elected to publicize the false narrative in her Complaint to media outlets and by sending the resulting articles to certain patients of Dr. Kennedy. Dr. Kennedy has taken no employment action which could form the basis of Schafmeister's claims. Contrary to her claims of retaliation, and despite her internal complaint (which was investigated by NYU Langone), her criminal complaint (which was deemed to have no merit), her threats to ruin Dr. Kennedy (which led to the Order of Protection), and her lawsuit (with the efforts to publicize it), Schafmeister remains employed at NYU, paid by NYU, and no adverse action has been taken against her.

C. Defendant, NYU Langone Hospital's, Position

NYU Langone[1] denies Plaintiff's spurious claims. Immediately upon learning of Ms. Schafmeister's allegations against Dr. Kennedy, it performed an internal investigation in compliance with its policies. NYU Langone's investigation revealed insufficient evidence to conclude that Dr. Kennedy violated any federal, state or city laws. Furthermore, during the investigation, NYU

[1] Plaintiff and Dr. Kennedy are employees of NYU Grossman School of Medicine, a division of New York University, and not NYU Langone Hospitals.

Langone was made aware of a Restraining Order that was put in place by the District Attorney against Plaintiff and to protect Dr. Kennedy as a result of allegations of Plaintiff's embezzlement of funds. That Restraining Order made it impossible for Plaintiff to comply with the Order and still work in the same office as Dr. Kennedy. As a result, NYU Langone offered, and Plaintiff accepted, an opportunity to work in a different position, comply with the Restraining Order, and maintain her title, pay, and benefits. NYU Langone did not discriminate or retaliate against Plaintiff, did not breach any contract with Plaintiff, and did not violate any federal, state or local laws in any manner.

## II. Jurisdiction

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII and Title IX. The Court has supplemental jurisdiction over Plaintiff's related claims arising under New York State and New York City law pursuant to 28 U.S.C. § 1367(a). Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant NYU Langone Hospitals is headquartered within the Southern District of New York, and a substantial part of the events or omissions giving rise to this action occurred in this district.

## III. Contemplated or Outstanding Motions

There are no outstanding motions. Plaintiff does not anticipate making any motions at this time. Defendants Dr. Kennedy and NYU Langone do not anticipate making motions at this time, however, they will be making motions for summary judgment at the conclusion of discovery.

## IV. Discovery

To date, the Parties have exchanged a small amount of documentation in compliance with the Pilot Project Regarding Initial Discovery Protocols for Employment Cases Alleging Adverse Action.

## V. Settlement Discussions

On June 10, 2020, the parties engaged in a mediation pursuant to the Pilot Project Regarding Initial Discovery Protocols for Employment Cases Alleging Adverse Action. The mediation was unsuccessful and there have been no settlement discussions since the mediation. The current prospects for settlement are very low.

## VI. Estimated Length of Trial

The Parties estimate a trial would take approximately five (5) to seven (7) days.

The Parties thank Your Honor for the Court's attention to this matter.






Respectfully submitted,

Michael J. Willemin