UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSANNE SCHAFMEISTER,<br><br>        Plaintiff,<br><br>v.<br><br>NYU LANGONE HOSPITALS and John Kennedy, M.D., in his individual and professional capacities,<br><br>        Defendants. | Case No. 1:19-cv-11875 (VSB)<br><br>**STIPULATED<br>PROTECTIVE ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(c), the Court enters the following Stipulated Protective Order ("Order") limiting the disclosure and use of certain discovered information.

IT IS HEREBY ORDERED THAT:

1. This Order shall govern the handling of documents, depositions, deposition exhibits and other materials produced during discovery, regardless of how such materials are produced.

2. For the purposes of this Order, the following definitions apply:

  a. "Document(s)" means documents, electronically stored information, items, and things set forth in Federal Rule of Civil Procedure 34(a)(1), Local Rules of the Southern and Eastern Districts of New York 26.3(c)(l) and (c)(2), and writings, recordings, and photographs as defined in Federal Rule of Evidence 1001.

  b. "Parties" collectively means Plaintiff Susanne Schafmeister and Defendants NYU Langone Hospitals, and John Kennedy, M.D. Each is individually a "Party."

c. "Non-Parties" collectively means any persons, partnerships, corporations, associations, or other legal entities not named as a Party to this Action. Each is individually a "Non-Party."

d. "Producing Party" means a Party or Non-Party to this Action who produces Documents or Confidential Information in accordance with this Order (collectively, the "Producing Parties"). This Order is binding upon the Producing Parties in this Action, including their respective corporate parents, subsidiaries, affiliates, successors, and assigns, and their respective attorneys, agents, representatives, officers, employees, and others as set forth in this Order.

e. "Designating Party" means a Party or Non-Party to this Action who seeks to designate any documents or information as Confidential Information in accordance with this Order.

f. "Confidential Information" means all information which concerns or relates to highly sensitive personal information, proprietary or sensitive business information used by or pertaining to a Party or Non-Party, including Documents or information that, if released publicly, would cause competitive disadvantage to the Party or Non-Party.

g. "Highly Confidential" – "Attorney's Eyes-Only Information" shall mean any "Confidential Information" that is of such a private, sensitive, competitive or proprietary nature that present disclosure to persons other than those identified in paragraph 7 below would reasonably be expected to cause irreparable harm or materially impair the

legitimate competitive position or interests of the Producing Party. A designation of Confidential Information as Highly Confidential - Attorney's Eyes-Only Information constitutes a representation that such Confidential Information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such a designation. Highly Confidential Information also includes all information protected by the Health Insurance Portability and Accountability Act ("HIPAA").

3. Any Party or Non-Party may designate any Documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing, or testimony "Confidential Information" or "Highly Confidential Information" in accordance with this Order upon a good faith determination that the materials contain such "Confidential Information" or "Highly Confidential Information" as defined. Any copies or reproductions, excerpts, summaries, or other Documents or media that paraphrase, excerpt, or contain "Confidential Information" or "Highly Confidential Information" shall be treated as such pursuant to this Order.

4. Documents to be considered Confidential Information shall be marked "CONFIDENTIAL" by the Producing Party on each page or, if the Designating Party is not the Producing Party, by notifying the Parties, in writing, that such documents have been designated as Confidential Information.

5. Confidential Information and Highly Confidential Information shall not be disclosed in any fashion, nor be used for any purpose, other than the preparation for and trial of this action, on the terms provided herein.

6.   Disclosure of and access to Confidential Information shall be limited to:

a.   Plaintiff Susanne Schafmeister;

b.   Defendant NYU Langone's in-house legal counsel and employees to whom disclosure is reasonably necessary to further Defendant NYU Langone's defense of this action;

c.   Defendant John Kennedy, M.D.;

d.   Outside and in-house counsel for the parties to this litigation (including their employees, agents, and clerical assistants);

e.   The Court, court personnel, and court reporters;

f.   Experts and consultants (including their employees and clerical assistants) who are employed, retained, or otherwise consulted by counsel or record for the parties to this litigation for the purpose of analyzing data, conducting studies, or providing opinions for assistance in this litigation; and

g.   Persons whom counsel for a party to this litigation believes are likely to be called to give testimony on matters related to information designated as "Confidential Information" or who are believed to possess information relevant to the prosecution or defense of this litigation;

h.   Any other person only upon order of the Court or upon stipulation of the party that designated the Confidential Information;

i.   The jury at trial in this matter;

j.   Vendors retained by or for a party to assist in preparing for pretrial

Any party disclosing Confidential Information to the persons listed in this Paragraph, sections 7(f) or 7(g), shall advise such person of the existence of this Order and the terms

herein (but only to the extent the person is not an officer, director, employee, or former employee of the producing party). Notwithstanding anything to the contrary in Paragraph 6 above, with respect to documents or things designated as Confidential Information, any person indicated on the face of the document or thing as an originator, author or recipient of a copy thereof may be shown the same, without restriction.

7. Disclosure of and access to Highly Confidential – Attorneys Eyes Only Information shall be limited to:

   a. Plaintiff Susanne Schafmeister;
   b. A single designated representative from Defendant NYU Langone;
   c. Defendant John Kennedy, M.D.;
   d. Outside and in-house counsel for the parties to this litigation (including their employees, agents, and clerical assistants);
   e. Upon the filing of a motion to seal or as otherwise directed by the court, the Court, court personnel, and court reporters;
   f. Experts and consultants (including their employees and clerical assistants) who are employed, retained, or otherwise consulted by counsel or record for the parties to this litigation for the purpose of analyzing data, conducting studies, or providing opinions for assistance in this litigation;
   g. Any other person only upon order of the Court or upon stipulation of the party that designated the Highly Confidential Information;
   h. Vendors retained by or for a party to assist in preparing for pretrial

Any party disclosing Highly Confidential Information to the persons listed in this Paragraph, sections 7(f) or 7(g), shall advise such person of the existence of this Order and the terms

herein. Notwithstanding anything to the contrary in Paragraph 7 above, with respect to documents or things designated as Highly Confidential Information, any person indicated on the face of the document or thing as an originator, author or recipient of a copy thereof may be shown the same, without restriction.

8. Pursuant to the above, before being permitted access to Confidential Information or Highly Confidential Information, any witness or expert must sign a declaration in the form attached as Exhibit A, or if such material is provided during a deposition, agree on the record, that the individual has read and understands the terms of this Order and that the individual will abide by them. The original of each such Declaration shall be retained the party permitting the disclosure.

9. Upon written request from any other Party, the Party or Non-Party designating material as Confidential Information or Highly Confidential Information shall identify with reasonable particularity the basis of the claim of confidentiality. Any Party may object to any other Party's designation of a document as Confidential Information or Highly Confidential Information at any time. Such objection must be made in writing and served on the party claiming confidentiality. A disputed item shall remain designated as Confidential Information or Highly Confidential Information until the designation has been removed by voluntary agreement or by order of the Court.

10. The failure to designate material as Confidential Information or Highly Confidential Information at the time of production may be remedied by providing written notice to the other Parties as soon as is practicable. If such notice is provided, all documents, material or testimony so designated shall be treated as if they had been initially designated as Confidential or Highly Confidential. Notwithstanding such notice,

if prior to receipt of the notice such material has been disclosed or used in a manner inconsistent with the provisions of this Order, it shall be deemed a limited disclosure which shall not be considered a violation of this Order. Upon receipt of such notice, the designated material shall thereafter be considered subject to this Order.

11. Deposition testimony may be designated as Confidential Information or Highly Confidential by either of the following means:

    (a)    Stating orally on the record at the deposition that certain information or testimony is Confidential Information or Highly Confidential Information, or that the entire deposition transcript is so designated; or

    (b)    Sending written notice within fourteen (14) days of receipt of the deposition transcript the deposition designating all or a portion of the testimony as Confidential Information or Highly Confidential Information. All depositions shall be treated as Confidential Information from the taking of the deposition to fourteen (14) days after receipt of the deposition transcript, or until receipt of the notice referred to in this paragraph, whichever occurs earlier.

10. The production of any material subject to this Order does not in any way waive or otherwise prejudice the right of any party to make objections to the relevance of the information produced or to oppose discovery on any other ground.

11. This Order shall not prevent any Party's use of its own Confidential Information or Highly Confidential Information for any purpose, nor shall such use have any effect on this Order. Similarly, this Order shall not prevent any Party's use of information or documents obtained lawfully from any source, other than by means of discovery in this action (*e.g.*, information and documents that may have come into that Party's possession in the regular course of business), for any purpose.

12. The inadvertent or unintentional disclosure by a Producing Party of Confidential Information or Highly Confidential Information shall not be deemed to be a

waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information on the same or related subject matter. Upon learning of an inadvertent or unintentional disclosure of Confidential Information or Highly Confidential Information, the Producing Party shall designate such information as Confidential Information or Highly Confidential as soon as practicable. The obligation to treat such Confidential Information or Highly Confidential Information as provided for in this Order shall run from the date of designation.

13. The inadvertent production or disclosure of any Document, material, or information subject to the attorney-client privilege, attorney work product protections, common interest privilege, or any other applicable privilege against disclosure, shall not be deemed to be a waiver, in whole or in part, of the Producing Party's claim of such privilege. Upon the written request of the Producing Party that made the inadvertent production, all copies of the inadvertently produced Confidential Information or Highly Confidential Information and Documents derived from the inadvertently produced information promptly shall be returned and all copies destroyed.

14. Within thirty (30) days after termination of this action, including any and all appeals taken therefrom, or within thirty (30) days after the time for taking such appeals has expired without an appeal having been taken, the Parties shall, upon the written request from the Producing Party, return all Documents in their possession to the Producing Party or confirm to the Producing Party that all documents have been destroyed, including all copies. Counsel to the parties, however, shall be entitled to retain copies of Confidential Information or Highly Confidential Information for their files.

15. This Order may be executed by the Parties in counterparts. Scanned or

facsimile signatures will be considered as valid signatures as of the date hereof, although counsel will retain the original signature pages in case they must be filed with the Court at some time in the future.

Dated: October 16, 2020
New York, New York

| WIGDOR LLP | Bond, Schoeneck & King PLLC | BLANK ROME LLP |
|---|---|---|
| By: _____ | By: _____ | By: /s/ Gregory Cronin |
| Michael J. Willemin | Louis P. DiLorenzo | Anthony B. Haller* |
| Hilary J. Orzick | Aisling M. McAllister | Mara B. Levin |
| 85 Fifth Avenue | Mallory A. Campbell | Gregory P. Cronin |
| New York, New York 10003 | 600 Third Avenue 22nd floor New York, New York 10016 | 1271 Avenue of the Americas New York, New York 10020 |
| (212) 257-6800 | (646) 253-2300 | (212) 885-5000 |
| *Attorneys for Plaintiff/Counterclaim Defendant Susanne Schafmeister* | *Attorneys for Defendant NYU Langone Hospitals* | *Attorneys for Defendant/Counterclaim-Plaintiff John Kennedy M.D.* <br> *Admitted Pro Hac Vice |

SO ORDERED:

_Vernon Broderick_
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

Dated: October 20, 2020
New York, New York

This confidentiality agreement does not bind the Court or any of its personnel. The Court can modify this stipulation at any time. The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation. Any party wishing to make redacted or sealed submissions shall comply with Rule 6(A) of this Court's Individual Rules of Civil Procedure.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSANNE SCHAFMEISTER,<br><br>                         Plaintiff,<br><br>v.<br><br>NYU LANGONE HOSPITALS and John Kennedy, M.D., in his individual and professional capacities,<br><br>                         Defendants. | Case No. 1:19-cv-11875 (VSB)<br><br>**ACKHOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER** |

The undersigned has read the attached Stipulated Protective Order ("Order"), understands the terms of the Order, and agrees to be bound and fully abide by the terms of the Order. In particular:

(a) The undersigned will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use, except as authorized by the Order and for the sole purpose of this Action, any information designated as Confidential Information or Highly Confidential Information received in this Action.

(b) The undersigned acknowledges that all Confidential Information and Highly Confidential Information received and all Documents and things containing information designated as Confidential Information or Highly Confidential Information are to remain in the undersigned's personal custody until the undersigned's duties have been completed. The undersigned agrees to return or to destroy all such information and all notes containing any such information in accordance with the Order.

(c) The undersigned submits to the jurisdiction and venue of the Court and

understands that the Court may impose sanctions for any violation of the Order.

      I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:_____

_____
Signature

_____
Printed Name and Address