

600 Third Avenue, 22nd Floor | New York, NY 10016-1915 | **bsk.com**

**LOUIS P. DILORENZO, ESQ.**
ldilorenzo@bsk.com
P: (646) 253-2300
F: (646) 253-2380

January 6, 2021

**VIA ELECTRONIC FILING**
The Hon. Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    **_Schafmeister v. NYU Langone Hospitals et al._**
              **_Case No.: 19-CV-11875_**

Dear Judge Freeman:

      We represent NYU Langone Hospitals ("NYU") in the above-referenced matter. We write pursuant to Your Honor's Individual Rules of Practice regarding a discovery dispute between Plaintiff and NYU. NYU is requesting that it be allowed to conduct its own seven-hour deposition of Plaintiff.[1] Plaintiff's position is that NYU and Dr. Kennedy must share seven hours to complete Plaintiff's deposition. Respectfully, Plaintiff's position is unreasonable.

      Federal Rule of Civil Procedure 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." However, this rule also provides that "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent." Fed. R. Civ. P. 30(d)(1). In seeking a court order, the party wishing to extend the examination must "show good cause to justify such an order." Fed. R. Civ. P. 30 Committee Notes – 2000 Amendment. The inquiry into whether good cause exists is fact specific. _Carmody v. Vill. of Rockville Ctr._, No. CV-05-4907 (SJF)(ETB), 2007 WL 2177064, at *2 (E.D.N.Y. July 27, 2007). The Committee Notes provide that the court "might consider a variety of factors," including "[i]n multi-party cases, the need for each party to examine the witness."

      Plaintiff has filed a 190-paragraph Complaint against both NYU and Dr. Kennedy. Dr. Kennedy has filed a counterclaim of 80 paragraphs against Plaintiff involving alleged embezzlement. Dr. Kennedy's deposition of Plaintiff will likely involve a detailed examination regarding their history, their relationship, the breakdown of their relationship, and the alleged embezzlement, among other topics. NYU's deposition should not be impeded by the numerous claims and allegations between Dr. Kennedy and Plaintiff. Since this deposition will need at least

---

[1] NYU reserves its right to request additional time. NYU is requesting a minimum of seven hours. Due to the length of Plaintiff's 190-paragraph Complaint, Plaintiff's level of cooperation in answering questions, and to ensure coverage of both liability and damages, NYU may need to request time beyond seven hours.

The Hon. Debra Freeman
January 6, 2021
Page 2

7 hours or more of time to be conducted, NYU would like to reserve time to conduct its own deposition of Plaintiff regarding her employment at NYU.

NYU has conferred with Plaintiff on December 23, 2020. During this teleconference, the parties were unable to come to a resolution regarding NYU's request that it be permitted to conduct its own deposition of Plaintiff, currently being scheduled for January or early February. During this conference, Plaintiff's counsel made it clear that he would only allow seven hours total for both Dr. Kennedy and NYU to conduct Plaintiff's deposition. When NYU stated that it needed at least its own deposition of Plaintiff, Plaintiff refused to consent.

NYU respectfully requests that this Court allow NYU to conduct its own deposition of Plaintiff. NYU respectfully reserves its right to request additional time to conduct Plaintiff's deposition if the 7-hour limitation is not sufficient.

Thank you for your consideration.


Best regards,

BOND, SCHOENECK & KING, PLLC

*[signature]*

Louis P. DiLorenzo

cc      All Counsel of Record (via ECF)

11779635.2 1/6/2021