# BLANKROME

One Logan Square
130 North 18th Street | Philadelphia, PA 19103-6998

*Phone:*  (215) 569-5690
*Fax:*    (215) 832-5690
*Email:*  haller@blankrome.com

January 11, 2021

**VIA ECF**
The Hon. Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007

      Re:    *Schafmeister v. NYU Langone Hospitals and John Kennedy, M.D.*; Civ. Case No. 1:19-cv-11875 (VSB)(DF)

Dear Judge Freeman,

    We represent Defendant/Counterclaim Plaintiff Dr. John Kennedy ("Dr. Kennedy") in the above-captioned action and write in support of Defendant NYU Langone Hospital's ("NYU") request that each defendant be allowed to conduct its own separate deposition of Plaintiff Ms. Susanne Schafmeister.[1]

    Where an action involves multiple parties, "the need for each party to examine the witness may warrant additional time[.]"*Carmody v. Vill. of Rockville Ctr.*, CV-05-4907 (SJF)(ETB), 2007 U.S. Dist. LEXIS 54736, *8-9 (E.D.N.Y. July 27, 2007)(granting leave to conduct a second deposition of plaintiff) (citing *Moore's Federal Practice,* § 30.45); see USCS Fed R. Civ P. R 30 (Advisory Notes)("In]n multi-party cases, the need for each party to examine the witness may warrant additional time[.]")

    This action is far more complex than a standard employment discrimination case, and involves both Ms. Schafmeister and Dr. Kennedy's independent causes of action. As for Ms. Schafmeister's claims, the 190-paragraph Amended Complaint against both NYU and Dr. Kennedy raises thirteen causes of action ranging from employment discrimination and retaliation, to promissory estoppel, with allegations beginning as early as 2007. *See* Amended Complaint, Dkt. No. 29 ¶ 37. In her Rule 26(a) Initial Disclosures, Ms. Schafmeister listed a staggering 95 individuals (some with only first names) whom she believed were likely to have

---

[1] Dr. Kennedy reserves his right to seek additional time to depose Ms. Schafmeister if the need arises.

BLANKROME

January 11, 2021
Page 2

discoverable information. Further, Ms. Schafmeister's document production includes over 500 individual text message conversations, often with unidentified or again first name-only individuals.[2] Ms. Schafmeister's knowledge in relation to her thirteen causes of action and 95 possible witnesses, will surely require more than a single 7-hour deposition. *See Scott-Iverson v. Indep. Health Ass'n*, 13-CV-451V(F), 2016 U.S. Dist. LEXIS 173716, *1 (W.D.N.Y. Dec. 15, 2016)(confirming grant of four days for depositions of individual plaintiff who raised claims alleging race and gender discrimination, and retaliation, in connection with her employment.)

Separate and apart from Ms. Schafmeister's claims, Dr. Kennedy has an extensive Counterclaim against Ms. Schafmeister with five causes of action. These relate in large measure to alleged fraudulent activities as Dr. Kennedy's office manager since 2008. Dkt. No. 55, Counterclaims ¶ 5. Dr. Kennedy's claims rely not only on discovery produce by the parties, but hundreds of pages of financial records obtained through non-party subpoenas.

Dr. Kennedy has a right to defend against Ms. Schafmeister's claims and to pursue his counterclaims, a topic that will almost certainly not be a repetition of NYU's questioning. He is entitled to at minimum a 7-hour deposition with her to explore this extensive record and cover multiple issues. Truncating this deposition to 3. 5 hours on the basis it must be shared with the other Defendant would be extremely unfair, inequitable and inconsistent with the Federal Rules. Plaintiff will no doubt be seeking a full 7 hours with Dr Kennedy and a full 7 hours with a corporate representative of NYU Langone.

Therefore, Dr. Kennedy respectfully requests the Court grant NYU's letter motion and provisionally allow each Defendant to conduct a of right a single 7-hour depositions of Plaintiff. If for any reason the Court is inclining not to grant the request we would request the opportunity for more formal and detailed briefing.

Respectfully submitted,

*s/ Anthony B. Haller*

Anthony B. Haller

CC: All Counsel via ECF

---

[2] Dr. Kennedy questions the actual knowledge and relevance of many of these individuals, but is nonetheless obligated to investigate their identity and the information Ms. Schafmeister believes that each may have.