**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Renan F. Varghese**
rvarghese@wigdorlaw.com

January 11, 2021

**VIA ECF**

The Hon. Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007

      Re:    Schafmeister v. NYU Langone Hospitals et. al..; Civ. Case No. 1:19-cv-11875 (VSB)(DF)

Dear Judge Freeman:

As you know, we represent Plaintiff Susanne Schafmeister ("Plaintiff" or "Ms. Schafmeister") in the above-referenced matter against Defendants NYU Langone Hospitals ("NYU," "NYU Langone," or the "Hospital") and John Kennedy, M.D. ("Kennedy") (together, the "Defendants"). We write in response to NYU's motion to allow Defendants to conduct two separate 7 hour depositions of Plaintiff in this matter. For the reasons set forth below, NYU's request should be denied.[1]

As NYU acknowledges, Rule 30 specifically states that "a deposition is limited to one day of 7 hours." Fed. R. Civ. P. 30(d)(1). Moreover, as the Advisory Committee Notes make clear, "the party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show ***good cause*** to justify such an order." Fed. R. Civ. P. 30 Advisory Committee Notes 2000 Amendment (emphasis added).

Here, NYU's efforts to establish such good cause fails as a matter of law. Instead, NYU engages in pure speculation to argue that Kennedy's anticipated deposition will "likely" involve issues related to Plaintiff and Kennedy's relationship that will require "at least 7 hours or more of time." See Dkt. 56, p. 1. However, there is no question that a party seeking to satisfy the good cause standard must rely on more than its own speculation. See Surles v. Air France, No. 00 Civ. 5004 (RMBFM), 2001 WL 1142231, at *2 (S.D.N.Y. Sept. 27, 2001) ("Defendant's speculations do not rise to the level of good cause"). Rather, NYU must point to specific facts demonstrating why the

---

[1]     Plaintiff also respectfully requests that NYU's motion to conduct additional depositions should be separately denied because Plaintiff intends to seek a stay of her deposition in light of the pending criminal charges in this case. However, the parties have yet to be able to meet and confer on this issue and anticipate doing so within the next day. Plaintiff will therefore file her request for a stay by January 13, 2021.



limits imposed by the Federal Rules are inadequate here. Simply put, as its letter motion makes clear, NYU cannot do so in the instant case.

Contrary to what NYU claims, there is no reason for NYU and Kennedy to require two separate depositions. Most of the issues relevant in this case are common to both parties and there is no reason that NYU cannot rely on testimony adduced by Kennedy and vice versa. By way of example only, questions about Ms. Schafmeister's educational background, employment history, professional and personal relationships with Kennedy, performance, complaints of discrimination, and mitigation efforts are all relevant and common to both parties and can be covered by either one. See Fed. R. Civ. P. 30 Advisory Committee Notes 2000 Amendment (explaining that even with multiple parties, "duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest"). To the extent that either Kennedy or NYU refuses to accept the testimony adduced by the other party on such issues, it would represent nothing more than an attempt to harass Ms. Schafmeister and circumvent the protections afforded her under the Federal Rules.

There is no reason that Defendants cannot take Ms. Schafmeister's deposition in a single day, after coming to an agreement amongst themselves about which party will conduct the examination as to specific topics. This is a single plaintiff employment discrimination case where the relevant events encompass a discrete period of time, particularly concerning NYU's involvement. Plaintiffs routinely bring such actions against multiple defendants without requiring additional days of deposition. Indeed, if this case involved two plaintiffs, it is difficult to fathom that Defendants would consent to each plaintiff deposing each of Defendants' witnesses a second time.

At the very least, Defendants should be required to depose Ms. Schafmeister once, on the same day. If, after that deposition is completed, NYU or Kennedy has a good faith justification for seeking additional deposition time, the parties can meet and confer about such a request and attempt to make the determination without the Court's involvement. However, there is certainly no reason for the Court to order Ms. Schafmeister to submit to two days of deposition testimony before any questioning has taken place and before either party can show that a single day was insufficient without citing to concrete reasons for their position. See Bender v. Del Valle, No. 05 Civ. 6459 GEL RLE, 2007 WL 1827839, at *3 (S.D.N.Y. June 25, 2007) (denying additional time for the deposition of the plaintiff where "defendants allege various topics that Bender has not testified about, but there is no indication in the record that they attempted to question her about these areas but were prevented"); Malec v. Trustees of Bos. Coll., 208 F.R.D. 23, 24 (D. Mass. 2002)("the better practice is for the deposition to go forward to determine how much is able to be



The Hon. Debra Freeman<br>January 11, 2021<br>Page 3

covered in the seven hours and, then, if additional time is needed, for counsel to stipulate to extend the deposition for a specific additional time period").

We thank Your Honor for the Court's time and attention to this matter.

Respectfully submitted,

Renan F. Varghese

cc:     All Counsel of Record (*via* ECF)