

600 Third Avenue, 22nd Floor | New York, NY 10016-1915 | **bsk.com**

**LOUIS P. DILORENZO, ESQ.**
ldilorenzo@bsk.com
P: (646) 253-2300
F: (646) 253-2380

January 12, 2021

**VIA ELECTRONIC FILING**
The Hon. Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    <u>***Schafmeister v. NYU Langone Hospitals et al.***</u>
                ***Case No.: 19-CV-11875***

Dear Judge Freeman:

    We represent NYU Langone Hospitals ("NYU") in the above-referenced matter. We write in reply to Plaintiff's letter in opposition to NYU's letter motion to allow NYU to conduct its own deposition of Plaintiff.[1]

    Plaintiff claims that there is no reason why NYU and Dr. Kennedy cannot take Plaintiff's deposition in a single day, as this is a "single plaintiff employment discrimination case." However, this is very misleading. This action is not your standard single plaintiff employment discrimination case. Plaintiff has filed an 190-paragraph Complaint raising thirteen separate causes of action, including defamation, promissory estoppel, and breach of contract. In addition, Dr. Kennedy has filed an 80-paragraph counterclaim against Plaintiff with five causes of action, including conversion, breach of the duty of loyalty, and intentional interference with prospective economic advantage. Furthermore, Plaintiff's production included over 8,000 pages. Far more than the standard single plaintiff employment discrimination case.

    Plaintiff chose to name two defendants in this action. NYU has the right to notice and take the deposition of all parties to the action, including Plaintiff. Furthermore, given the nature of the allegations and the counterclaims, Dr. Kennedy and NYU's interests are not in lockstep – given the need for separate counsel for each defendant.

    NYU and Dr. Kennedy need to know whether additional time will be granted to conduct Plaintiff's deposition prior to the actual deposition. NYU and Dr. Kennedy should not be forced to squeeze in as much as possible in seven hours without knowing whether additional time will be granted. Furthermore, NYU cannot be in a position where Dr. Kennedy uses the majority of the seven hours, leaving NYU with insufficient time to depose Plaintiff. NYU and Dr. Kennedy should

---

[1] Plaintiff also mentions that she intends to seek a stay of her deposition in light of the pending criminal charges. Counsel for NYU is tied up in a deposition today on another case. The parties plan to meet and confer on this issue tomorrow, January 13, 2021.

The Hon. Debra Freeman
January 12, 2021
Page 2

not be forced to plan for splitting a deposition without knowing whether additional time will be given if needed.

 NYU respectfully requests that this Court allow NYU to conduct its own deposition of Plaintiff. NYU respectfully reserves its right to request additional time to conduct Plaintiff's deposition if the seven-hour limitation is not sufficient.

 Thank you for your consideration.

Best regards,

BOND, SCHOENECK & KING, PLLC

*Louis P. DiLorenzo*

Louis P. DiLorenzo

cc All Counsel of Record (via ECF)