UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----

SUSANNE SCHAFMEISTER,

       Plaintiff,

-against-

NYU LANGONE HOSPITALS *et al.*,

       Defendants.

19cv11875 (VSB) (DF)

**MEMORANDUM AND ORDER**

----

**DEBRA FREEMAN, United States Magistrate Judge:**

  In the above-captioned action, which has been referred to this Court for general pretrial supervision, plaintiff Susanne Schafmeister ("Plaintiff") has moved for a 90-day stay of her deposition, or, alternatively, for a 90-day stay of all discovery in this matter, citing, as the reason for the requested relief, the pendency of criminal charges against her. (*See* Dkt. 60.) While Plaintiff's motion has been *sub judice*, this Court has temporarily stayed all depositions and has sought updates from Plaintiff's counsel regarding the status of the criminal investigation, particularly as to whether an indictment against Plaintiff has been returned. (*See* Dkts. 61, 73, 74, 76.) Now, though, for the reasons discussed below, this Court concludes that Plaintiff's motion (Dkt. 60) should be denied. Accordingly, the temporary stay is lifted, and the parties are directed to confer in good faith to schedule all remaining depositions.

## BACKGROUND

### A.   Relevant Factual and Procedural History

  On December 27, 2019, Plaintiff commenced this action against defendants NYU Langone Hospitals ("NYU Langone") and John Kennedy, M.D. ("Kennedy") (collectively, "Defendants"), alleging that she had been subjected to discriminatory, defamatory, and retaliatory conduct in the workplace. (*See generally* Complaint, dated Dec. 27, 2019 ("Compl.")

(Dkt. 1).) In particular, Plaintiff alleged that, while working as an office manager for Kennedy (who, according to the Complaint, was an orthopedic surgeon who had been hired to head NYU Langone's Foot and Ankle Center), Kennedy engaged in "discriminatory, harassing and threatening behavior" toward her. (*See id.* ¶¶ 1-2, 35.) She further alleged that, after she made a formal complaint to NYU Langone's Human Resources Department regarding Kennedy's conduct, both Kennedy and NYU Langone engaged in forms of retaliation that caused her to suffer financial, reputational, and emotional harm. (*See generally id.*)

On April 1, 2020, NYU Langone and Kennedy each filed an Answer to the Complaint (*see* Dkts. 20, 21), and, in his Answer, Kennedy asserted multiple affirmative defenses, as well as counterclaims, that related to Plaintiff's alleged "embezzlement" of his and NYU Langone's funds (*see* Kennedy's Answer and Counterclaims, dated Apr. 1, 2020 (Dkt. 21), at 1). In addition, Kennedy attached to his Answer a copy of a criminal complaint showing that, on November 18, 2019 (one month before Plaintiff had commenced this action), Plaintiff had been charged, based Kennedy's statements to the police, with Grand Larceny in the Second Degree under N.Y. Penal Law § 155.40. (*See* Dkt. 21-2 (Criminal Complaint).)

Three weeks later, on April 22, 2020, Plaintiff filed an Amended Complaint in this case, in which she acknowledged that she had been "arrested and charged with a felony" based on Kennedy's statements to the police, but nonetheless maintained that Kennedy's statements about her misuse of funds had been false. (*See* Amended Complaint, dated Apr. 22, 2020 (Dkt. 29) ¶ 102.) She also added an allegation that, as a result of her arrest, NYU Langone had removed her "personal belongings from her workspace and cleared her desk as if she had been terminated." (*Id.*) In response to Plaintiff's amended pleading, Kennedy filed an amended Answer, wherein he realleged his prior-stated affirmative defenses and counterclaims, many of

which focused on Plaintiff's alleged "theft" and unauthorized use of personal and business-related funds. (*See* Kennedy's First Amended Answer to the Amended Complaint and Counterclaims, dated Dec. 7, 2020 (Dkt. 55)).

After an unsuccessful attempt at mediation, the Honorable Vernon S. Broderick, U.S.D.J., issued a Case Management Plan and Scheduling Order on July 21, 2020 (Dkt. 39), and discovery in the action has proceeded actively since then. It is this Court's understanding that, prior to seeking a stay of her deposition, Plaintiff fully participated in the discovery process, including by responding to Defendants' interrogatories, without raising the issue of the criminal proceedings against her as an impediment. (*See* Dkt. 50 (parties' joint status report to the Court noting that, as of November 11, 2020, the parties had completed their initial disclosures, served discovery requests, responses, and objections, and made initial document productions).)

Indeed, in response to a letter motion filed by NYU Langone on January 6, 2021 (Dkt. 56), in which it sought leave to depose Plaintiff for up to seven hours (in addition to the seven hours separately sought by Kennedy), Plaintiff did not oppose Defendants' effort to depose her, but rather only took the position that her deposition should be "limited to one day for [seven] hours" and that it was incumbent upon Defendants to determine how to split that time (*see* Dkt. 58, at 1). By Order dated January 14, 2021, this Court granted NYU Langone's motion, finding that it had shown that, under Rule 30(d)(2) of the Federal Rules of Civil Procedure, "good cause" existed to allow each Defendant to take a seven-hour deposition of Plaintiff. (*See* Dkt. 61.)

### B. Plaintiff's Pending Motion

One day before this Court issued its January 14 ruling, Plaintiff filed the instant motion, seeking, for the first time, a 90-day stay of her deposition or, alternatively, a 90-day stay of all

3

discovery in this matter "in order to allow the parties to obtain greater clarity as to the disposition of the criminal charges." (Letter to the Court from Renan F. Varghese, Esq., dated Jan. 13, 2021 ("Pl Mtn.") (Dkt. 60), at 1.) According to Plaintiff, because Kennedy's counterclaims "track[ed] many of the same allegations that formed the basis for the criminal charges" against her, a stay of her deposition was necessary so that her Fifth Amendment privilege against self-incrimination would not be undermined. (*See id.*) Upon receipt of that motion, this Court, in an excess of caution, stayed Plaintiff's scheduled deposition pending full briefing on the matter. (*See* Dkt. 61.)

On January 19, 2021, NYU Langone and Kennedy each opposed Plaintiff's motion. (*See* Letter to the Court from Louis P. DiLorenzo, Esq., dated Jan. 19, 2021 ("NYU Langone Opp.") (Dkt. 62); Letter to the Court from Anthony B. Haller, Esq., dated Jan. 19, 2021 ("Kennedy Opp.") (Dkt. 63).) In their opposition letters, Defendants first argued that, notwithstanding the pendency of the criminal charges, Plaintiff was not entitled to a stay of her deposition, as she had "made the decision to proceed with the litigation with full knowledge of the possibility that she might have to plead [the Fifth Amendment privilege] in a civil deposition." (Kennedy Opp., at 2; NYU Langone Opp., at 1.) On this point, Defendants argued that Plaintiff should not be permitted to wield the Fifth Amendment privilege as both a sword and a shield. (*See* Kennedy Opp., at 5; NYU Langone Opp., at 1.) Defendants additionally took the position that a stay would be unnecessary because Plaintiff had not yet been indicted and it was unclear if, and when, an indictment would be returned. (*See* Kennedy Opp., at 4-5; NYU Langone Opp., at 2.) Finally, Defendants suggested that they would suffer significant harm if a stay were granted because it would create unnecessary delay and give Plaintiff "an unfair advantage in the litigation." (Kennedy Opp., at 5; NYU Langone Opp., at 2.)

4

Soon after the parties briefed the instant motion, they jointly filed a "Consent Letter," requesting a three-month extension of time to complete discovery. (Dkt. 69.) Included within that letter was the parties' joint request to extend the then-existing February 15, 2021 deposition deadline to May 14, 2021. (*See id.*, at 2.) Noting that this proposed change would essentially allow Plaintiff to postpone her deposition by the amount of time that she had requested in her motion for a stay, this Court's Chambers reached out to Plaintiff's counsel to inquire whether Plaintiff still intended to move forward with her stay application or planned to withdraw that motion. On March 4, 2021, Plaintiff's counsel submitted a letter to the Court stating that Plaintiff still sought a 90-day stay of her deposition, but that, should "the Court grant the parties' request for an extension of the discovery deadlines in this case," then the Court might not need to rule on the stay application because counsel believed that he would receive "more information about the disposition of the criminal charges against [Plaintiff] in the coming weeks." (Dkt. 70, at 1.)

On March 19, 2021, this Court held a telephone conference with the parties to hear argument on Plaintiff's motion and to resolve certain unrelated discovery disputes. After hearing the parties' contentions, this Court deferred ruling on the stay motion and, pending its ruling, extended the temporary discovery stay to all depositions and otherwise approved the parties' proposed modification to the discovery schedule. (*See* Dkt. 74.) This Court also instructed Plaintiff's counsel to provide it with updates regarding the status of the criminal investigation.

As of April 30, 2021, however, Plaintiff had not provided any updates. Accordingly, on that date, this Court issued an Order directing Plaintiff's counsel to submit a letter addressing the status of the criminal investigation and, particularly, whether an indictment against Plaintiff had

5

been returned. (Dkt. 76.) On May 7, 2021 (in the last filing on the Docket), Plaintiff's counsel submitted a letter to the Court, stating the following:

> We have been in contact with [Plaintiff's] criminal attorney, and he has informed us that the District Attorney's office has not indicted [Plaintiff] yet. However, the District Attorney's office informed [Plaintiff's] criminal attorney that it intends to move forward with an indictment by the end of May or beginning of June unless a plea agreement is reached forthwith.

(Dkt. 77.) In light of this most recent representation (and the fact that Plaintiff has made no further submission since), it is this Court's understanding that, to date, no indictment against Plaintiff has been returned.

## DISCUSSION

### I. APPLICABLE LEGAL STANDARDS

The "Constitution 'rarely, if ever, requires' trial courts to grant stays of civil proceedings" due to the burden on the exercise of the Fifth Amendment. *Ironbridge Corp. v. C.I.R.*, 528 F. App'x 43, 46 (2d Cir. 2013) (summary order) (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97-98 (2d Cir. 2012)); *see Fendi Adele S.R.L. v. Ashley Reed Trading, Inc.*, No. 06cv243 (JES) (MHD), 2006 WL 2585612, at *2 (S.D.N.Y. Sept. 8, 2006) ("There is of course no constitutional right to a stay of a civil case because of the pendency of related criminal charges even if denial of such relief places the movant in the awkward position of either surrendering [her] Fifth Amendment privilege or running the risk that [her] invocation of the privilege will be used against [her] in the civil case.").

An application to stay civil proceedings, or at least civil discovery, pending the outcome of parallel criminal proceedings is addressed to the discretion of the district court, *see Nosik v. Singe*, 40 F.3d 592, 595 (2d Cir. 1994); *see also Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018), and requires a "particularized inquiry into the circumstances

6

of, and the competing interests of the case," *Louis Vuitton Malletier S.A.*, 676 F.3d at 99 (internal quotation marks and citation omitted); *Fendi Adele S.R.L.*, 2006 WL 2585612, at *2 ("the court must make a highly fact-bound inquiry into the particular circumstances and competing interests involved in the case" (internal quotation marks and citation omitted)).

Several factors serve as a "rough guide" to the resolution of a motion to stay proceedings in a civil case pending the outcome of parallel criminal proceedings:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the [movant] ha[s] been indicted; 3) the private interests . . . in proceeding expeditiously weighed against the prejudice . . . caused by the delay; 4) the private interests of and burden on the [movant]; 5) the interests of the courts; and 6) the public interest.

*Louis Vuitton Malletier S.A.*, 676 F.3d at 99 (quoting *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)). The party requesting the stay bears the burden of establishing its necessity. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

In most civil cases in which a stay has been sought pending the resolution of a parallel criminal proceeding, it has been the *defendant* who has sought the stay – upon finding him or herself being prosecuted both civilly and criminally. *See, e.g.*, *U.S. Securities and Exchange Comm'n v. Millan*, No. 20cv6575 (CM), 2020 WL 5898769, at *1-2 (S.D.N.Y. Oct. 5, 2020); *Lewis Family Grp. Fund LP v. JS Barkats PLLC*, 16cv5255 (AJN) (JLC), 2018 WL 1129546, at *1-2 (S.D.N.Y. Dec. 17, 2018). There have been instances, however, where, as in this case, the civil *plaintiff* is the party seeking the stay. In such (relatively rare) cases, the relevant factors tend to weigh differently. The distinction arises because, when the plaintiff seeks the stay, the court must examine whether the plaintiff is attempting to use the Fifth Amendment privilege "as

a sword and as a shield." *Waldbaum v. Worldvision Enters., Inc.*, 84 F.R.D. 95, 97 (S.D.N.Y. 1979). As courts have cautioned, "[t]o allow a plaintiff in a civil action to avoid a deposition on the basis of a criminal indictment against [her] would have the effect of allowing the plaintiff to use [her] [F]ifth [A]mendment right to the detriment of the defendant." *Id.* Addressing that concern, some courts have held that plaintiffs in civil actions who "have initiated the action[s] and forced defendants into court," cannot later invoke the Fifth Amendment privilege to avoid testifying or engaging in other forms of discovery. *Independent Prods. Corp. v. Loew's, Inc.*, 22 F.R.D. 266, 277 (S.D.N.Y. 1958).

## II. THE RELEVANT FACTORS WEIGH AGAINST THE STAY REQUESTED BY PLAINTIFF IN THIS CASE.

In this particular case, a full consideration of the relevant factors and the interests of justice lead this Court to the conclusion that a stay of any of the proceedings in this action, including Plaintiff's deposition, is no longer warranted.

Starting with the first factor – the extent to which the issues in the civil and criminal case overlap – the fact that the subject matter of the underlying criminal investigation against Plaintiff appears to overlap significantly with Kennedy's defenses to Plaintiff's claims and is essentially coextensive with the facts underlying the counterclaims does weigh in favor of a stay.

At the same time, however, the second factor – the status of the criminal case – weighs against a stay, especially as, to the best of this Court's knowledge, no indictment has been returned against Plaintiff to date. (*See* Dkt. 77.) Although, at the time Plaintiff filed the instant motion (in January 2021), her counsel suggested that he should know, by March, "about the timing of the disposition of the criminal charges" (Dkt. 65, at 2), it is now almost three months later, and this Court has been provided with little to no new information about the progress of the criminal case or whether an indictment is, in fact, expected.

8

Courts in this District have explained that "[a] stay of a civil case is most appropriate where [the] party . . . has already been indicted for the same conduct for two reasons: first, the likelihood that [the criminal] defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice . . . in the civil case is reduced since the criminal case will likely be quickly resolved." *Trs. of Plumbers*, 886 F. Supp. at 1139; *United States v. Dist. Council of New York City & Vicinity of United Bhd. of Carpenters & Joiners of Am.*, 782 F. Supp. 920, 925 (S.D.N.Y. 1992) (stay should be denied "where no indictment has issued"). Although a pre-indictment civil stay may be appropriate where the record establishes that the "criminal proceedings have substantially progressed" to the point that "a trial [is] in the very near future," *Parker v. Dawson*, No. 06-CV-6191 (JFB) (WDW), 2007 WL 2462677, at *4 (E.D.N.Y. Aug. 27, 2007); *see also Stamile v. City. of Nassau*, No. CV 10-2632 (SJF) (AKT), 2011 WL 1754125, at *5 (E.D.N.Y. Jan. 31, 2011) (granting stay where not only had a felony complaint been filed, but evidence had been presented to the Grand Jury), the mere fact that a state criminal charge has been filed against a party does not dictate that a stay should be entered, *see Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 454 (2d Cir. 2013) (holding that "the district court was well within its discretion to deny the stay," where, *inter alia*, "[a]lthough a criminal complaint had been filed in the case, [the defendant] was never indicted"). Indeed, a stay is not mandatory *even* when a party *has* been indicted, as the status of the criminal case, as noted above, is only one factor that a court should consider in guiding its decision as to whether to grant a stay. *See Patrick v. Apple*, No. 9:20-CV-0047 (LEK/DJS), 2020 WL 4816015, at *4 (N.D.N.Y. Aug. 19, 2020) ("Courts can and do deny post-indictment stays . . . when warranted by particular circumstances." (citing *Paine, Webber, Jackson & Curtis Inc. v. Malon S. Andrus, Inc.*, 486 F. Supp. 1118, 1118-19 (S.D.N.Y. 1980) (denying a post-indictment stay of parallel

civil proceeding))); *see also Waldbaum*, 84 F.R.D. at 96 (denying plaintiff's post-indictment motion for a stay of his civil deposition).

Turning to the next two factors, which involve an examination of the parties' competing interests, the fact that *Plaintiff* made this request, as opposed to *Defendants* – and that she made the request as late as she did – matters. Plaintiff commenced this action over a month after she had been charged with a crime in a criminal complaint. (*See generally* Compl.; *see also* Dkt. 21-2 (Criminal Complaint).) Further, Plaintiff has been on notice, since at least as early as April 2020, when Kennedy filed his initial Answer with Counterclaims (Dkt. 21), that she was facing affirmative defenses and counterclaims in this action grounded in the same facts as those alleged in the pending criminal case. Despite this, Plaintiff did not seek a stay at the start of this case, or even after Kennedy's affirmative defenses and counterclaims had been pleaded. Rather, she participated fully in discovery for over eight months, until it came time for her to sit for a deposition. This raises real concerns regarding Plaintiff's motivation for now seeking a stay, *see Fendi Adele S.R.L.*, 2006 WL 2585612, at *3 (denying defendants' stay application where the "timing" of their application and the history of their prior discovery efforts raised "serious questions" about their "real motivation" in seeking the stay), and lead this Court to conclude that, in this instance, the relative interests of the parties weigh fairly heavily against the granting of a stay.

Lastly, this Court finds that the interests of judicial economy and the public's need for an expeditious resolution of cases also weigh against any further stay. At the time Plaintiff filed the instant motion, she sought a 90-day stay of her deposition, meaning that she was seeking to have her deposition – which was originally scheduled for February 2021 – be postponed to a date in May 2021. By temporarily staying all depositions, while giving Plaintiff's counsel time to obtain

10

and provide more information about the progress of the criminal case, this Court has effectively afforded Plaintiff the relief she initially sought. Now, where almost five months have passed since the time that Plaintiff's motion was filed, no further delay of discovery is warranted.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's motion for a stay (Dkt. 60) is denied, and the temporary stay of depositions is hereby lifted. No later than June 8, 2021, the parties are directed to submit a jointly proposed schedule for the completion of all remaining fact depositions, as well as any expert discovery that they seek to conduct.[1]

In light of this ruling, the Clerk of Court is directed to close Dkt. 60 on the Docket of this action.

Dated: New York, New York
       May 27, 2021

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)

---

[1] This Court notes that, in seeking a stay of her deposition, Plaintiff did not, in the alternative, seek other relief, such as the entry of a protective order to seal or otherwise maintain the confidentiality of her deposition testimony. *See Waldbaum*, 84 F.R.D. at 97-98 (denying plaintiff's request for a stay of his deposition, but granting his request to seal his deposition and prohibit the disclosure of information revealed therein); *see generally Louis Vuitton Malletier S.A.*, 676 F.3d at 102 (describing alternatives to a complete stay of civil proceedings). This Court's denial of Plaintiff's request for a stay is without prejudice to her seeking alternate relief, after good-faith conference with Defendants to ascertain if they are willing to stipulate to a proposal for any such relief. If the parties determine that further motion practice will be needed in connection with any request by Plaintiff for a protective order or other relief, then they should factor that into their proposed schedule, and explain to this Court how they have done so.